11936.   HEMBREE & JOHNSON *v.* HAWKINS.

1. A correct statement of law, embraced in a charge to the jury, is not erroneous because the court failed in the same connection to give to the jury other appropriate instructions.
2. There being some evidence to support the verdict, and the verdict having been approved by the trial judge, this court is powerless to interfere with it.

DECIDED MAY 11, 1921.

Levy and claim; from Milton superior court — Judge Blair. September 25, 1920.

On May 22, 1919, Hawkins took from Fouts a note containing a reservation of title to a certain automobile for which the note was given. The note was not recorded until December 27, 1919. On June 23, 1919, Hembree & Johnson did certain repair work on the automobile, and on July 1, 1919, they caused to be recorded their claim of a mechanic's lien thereon for "labor and material for repairing said automobile." Fouts failed to pay them and they foreclosed their lien and had the automobile levied on.

Hawkins filed a claim to the automobile, the case was tried, and a verdict in favor of the claimant was rendered. The plaintiffs filed a motion for a new trial, which was overruled, and they excepted.

*J. Z. Foster,* for plaintiffs.

*J. P. Brooke,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.)  1. Although the note reserving title to the automobile was not recorded until after the work done by the mechanics, and the record thereof was not notice to them, yet there was evidence that before they did the repair work they had actual notice of the reservation of title. This being true, the judge did not err in charging the jury as follows: "The real issue is as to notice or want of notice on the part of Hembree & Johnson at the time they made the alleged repairs on this automobile.  The claimant, T. E. Hawkins, puts in evidence before the court a reservation of the title executed by the defendant, J. A. Fouts, to this automobile, whereby it was agreed that the title to this property should remain in Hawkins until Fouts paid the purchase-money, this reservation of title being a particular paper whereby Fouts agreed to pay Hawkins the purchase-money of this automobile, and also that the title should remain in Hawkins until the purchase-money was paid.  Now, the controlling issue in this case is whether Hembree & Johnson had notice, at the time they made these repairs, of this reservation of title in T. E. Hawkins. If they had notice of the fact that Fouts hadn't paid for this automobile, and that Hawkins had the title thereto reserved in himself until the purchase-money was paid, or if Hembree & Johnson were in possession of such facts as would reasonably put them upon notice that the title was reserved in Hawkins until the purchase-money was paid, Hembree & Johnson could not subject the automobile."  The charge as given substantially covered the issue in the case.  There is no exception to the charge, but it is insisted that the judge erred in not giving a further and fuller charge.  "A correct statement of law embraced in a charge to the jury is not erroneous because the court failed in the same connection to give to the jury other appropriate instructions." *Conley* v. *State,* 21 *Ga. App.* 134 (1) (94 S. E. 261), and cases cited.

2. Plaintiffs denied that they had any notice of a lien of claimant, but on conflicting evidence the jury found against this contention, and "there was some slight evidence authorizing the ver-

dict; and the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere." *Bradham* v. *State,* 21 *Ga. App.* 510 (94 S. E. 618), and cases cited.

　　*Judgment affirmed. Broyles, C. J. and Luke, J., concur.*